UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REBECCA LEGGETT                          CIVIL ACTION

VERSUS                                        NO. 16-17264

DOLGENCORP, LLC d/b/a DOLLAR GENERAL            SECTION "R" (3)

## ORDER AND REASONS

Before the Court is defendant's motion for summary judgment.[1] For the following reasons, the Court denies defendant's motion.

## I.    BACKGROUND

On December 16, 2015, plaintiff Rebecca Leggett slipped and fell at a Dollar General store in Luling, Louisiana.[2] Because it rained that day, the floor near the store entrance was allegedly wet.[3] Plaintiff, who was wearing flip flops, slipped and fell shortly after entering the store.[4] Specifically, plaintiff asserts that, as she stepped off the floor mat, her foot slipped on a small puddle of water on the floor, causing her to fall and sustain injuries.[5]

---

[1]     R. Doc. 14.
[2]     R. Doc. 14-5 at 1.
[3]     R. Doc. 14-2 at 8.
[4]     *Id.* at 8, 12.
[5]     R. Doc. 25 at 1.

Plaintiff testified at a deposition that the puddle on which she slipped was about eighteen inches in diameter.[6]  Plaintiff's daughter, Shirley Cornwell, also testified that there were tracks and puddles of water near the entrance of the store.[7]

On November 9, 2016, plaintiff sued defendant DG Louisiana, LLC in Louisiana state court.[8]  Plaintiff alleged that the slippery floor at the Dollar General store constituted an unreasonably dangerous condition, and that defendant was negligent in failing to prevent the dangerous condition and failing to warn of the danger.[9]  Defendant removed the case to this Court on December 13, 2016, on the basis of diversity of citizenship.[10]  Defendant now moves for summary judgment.[11]

## II. STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v.*

---

[6]  R. Doc. 14-2 at 20.
[7]  R. Doc. 14-3 at 4-5.
[8]  R. Doc. 1-1.  Plaintiff also sued Dolgencorp, LLC and Dollar General Corporation, but has since stipulated to their dismissal.  R. Doc. 34.
[9]  R. Doc. 1-1 at 2.
[10]  R. Doc. 1 at 3.
[11]  R. Doc. 14.

*Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *see also Little*, 37 F.3d at 1075. A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or "showing that the moving party's

evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." (quoting *Celotex*, 477 U.S. at 322)).

## III. DISCUSSION

In Louisiana, a plaintiff seeking damages against a merchant because of a fall on its premises has the burden of proving that a condition on the premises presented an unreasonable risk of harm, that this harm was

4

reasonably foreseeable, that the merchant either created or had actual or constructive notice of the condition, and that the merchant failed to exercise reasonable care. La. R.S. § 9:2800.6(B).

To establish constructive notice, the plaintiff must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." *Id.* § 9:2800.6(C). The burden is on the plaintiff to "make a positive showing of the existence of the condition" for "some time period prior to the fall." *White v. Wal-Mart Stores*, 699 So. 2d 1081, 1084-85 (La. 1997); *see also Duncan v. Wal-Mart La., L.L.C.*, 863 F.3d 406, 410 (5th Cir. 2017) (affirming summary judgment against plaintiff where plaintiff presented no evidence of "how water came to be under the floor mat nor how long it had been there before her fall"). But the plaintiff may prove this temporal element with either direct or circumstantial evidence. *See Flowers v. Wal-Mart Stores, Inc.*, 99 So. 3d 696, 699 (La. App. 5 Cir. 2012).

Defendant contends that it is entitled summary judgment because plaintiff has produced no evidence of actual or constructive notice of the allegedly hazardous puddle of water on the floor.[12] Defendant also points to video footage which it argues shows no puddles on the floor before plaintiff

---

12    R. Doc. 14-1 at 10-12.

slipped.[13] According to defendant, a liquid substance appeared on the floor only after plaintiff fell, suggesting that plaintiff herself tracked water into the store on the bottom of her flip flops.[14] Defendant further points to the depositions of both plaintiff and her daughter. Neither individual could provide any information as to how long the puddle existed before plaintiff fell, or any information to suggest that Dollar General employees created the puddle or knew about it before the accident.[15]

After defendant moved for summary judgment, the parties took the deposition of Xavier Dabon, the manager on duty of the Dollar General store at the time of the accident.[16] Dabon explained that "because of the way the building was set up, whenever it rained, . . . the store . . . got pretty flooded, especially around the entrance area."[17] Customers would track in water, making "the entrance inside of the store pretty slippery."[18] Dabon would put down cardboard when the floor mat became saturated.[19]

---

[13] *Id.* at 11.
[14] *Id.*; R. Doc. 14-4; Video at 10:10.
[15] R. Doc. 14-2 at 22-23; R. Doc. 14-3 at 6-7.
[16] The Court granted plaintiff's consent motion to continue the submission date for defendant's summary judgment motion in order to allow the parties to take this deposition. *See* R. Docs. 17, 18.
[17] R. Doc. 25-4 at 25.
[18] *Id.* at 27.
[19] *Id.* at 42.

Dabon recalled that it rained hard on the day of the accident.[20] When he started his shift in the afternoon, he wiped up water near the store entrance with towels and cardboard, but he said that the floor was not completely dry afterward.[21] Dabon testified that it rained again that day, and that the floor near the entrance became wet before plaintiff fell.[22] At one point in the deposition, Dabon stated that he could not remember whether there was water on the floor near the entrance "that would have made [plaintiff] fall."[23] Later in the deposition, however, Dabon stated that he "knew that there was water on the floor" before plaintiff fell, and admitted, "I knew that there was water at the entrance, but I guess through the day of me doing other things that I just didn't get around to getting it up."[24] Dabon also conceded that "the water at the entrance near where [plaintiff] fell had been there for some time and [he] knew about it," but that he "just didn't have time to get to it."[25] Further, Dabon indicated that it was likely the floor mat had been saturated for at least ten to fifteen minutes before plaintiff's

---

20  *Id.* at 70.
21  *Id.* at 70-71, 85.
22  *Id.* at 72-73.
23  *Id.* at 50.
24  *Id.* at 74.
25  *Id.* at 73-74.

fall, although Dabon could not actually remember whether it was saturated at that point.[26]

Dabon's deposition testimony creates a genuine dispute as to actual notice. An employee's knowledge that a surface remains, or is likely to remain, wet is sufficient to show actual notice of a hazardous condition. In *Jones v. Super One Foods/Brookshires Grocery Co.*, 774 So. 2d 200 (La. App. 2 Cir. 2000), for example, an employee mopped up a spill near a store entrance about fifteen to thirty minutes before the plaintiff's fall. The plaintiff contended that she slipped on the floor mat, which squished out liquid when she stepped on it. *Id.* at 205. The employee testified that liquid could seep under the floor mat and be squished out in this way, and acknowledged that the entrance area remained wet at the time of the accident. *Id.* at 206. The court held that this testimony sufficed to show actual notice of the hazard. *Id.*

Like the employee in *Jones*, Dabon knew that the Dollar General store entrance was wet at some point in time before plaintiff fell. He used towels and cardboard to clean up the water when he started his shift in the afternoon, but testified that it rained again, and that the floor mat would

---

[26] *Id.* at 77.

8

become saturated after only ten to fifteen minutes of steady rain.[27] Given the rainfall on the day of the accident, Dabon opined that the mat was likely saturated at the time of plaintiff's fall, and that "water most likely did come back in the store" by that point.[28] Admittedly, Dabon could not recall whether there was a puddle in the specific location where plaintiff slipped.[29] But Dabon, like the employee in *Jones*, had reason to believe that the floor near the store entrance was generally wet at the time of the accident.[30] This evidence is sufficient to create an issue of material fact as to actual notice under Louisiana Revised Statutes § 9:2800.6(B).

There is also a genuine dispute as to defendant's constructive notice. To establish constructive notice, plaintiff must show that the puddle on which she slipped existed for some period of time before her fall. *White*, 699 So. 2d at 1084-85. Several pieces of evidence support this showing. First, as discussed earlier, Dabon's deposition testimony establishes that the store entrance was wet from rain when he started his shift in the afternoon. Dabon further testified that the floor was not completely dry even after he cleaned it up, and that it rained and the entrance area became wet again before

---

[27] *Id.* at 70-71, 68.
[28] *Id.* at 77, 90
[29] *Id.* at 50.
[30] *Id.* at 74.

plaintiff fell.[31] Even if Dabon were not actually aware of puddles near the store entrance at the time of plaintiff's fall, his testimony suggests that the floor was wet for such a period of time that he would have discovered the puddles had he exercised reasonable care.

Second, that the puddle was eighteen inches in diameter, as plaintiff testified in her deposition, suggests that water had collected there for some period of time. *See Rodgers v. Food Lion, Inc.*, 756 So. 2d 624, 628 (La. App. 2 Cir. 2000) (plaintiff's testimony that puddle was sizable—three feet in diameter—indicated that "puddle had been on the floor long enough that Food Lion employees should have discovered it with the exercise of reasonable care"). Third, that there were tracks of water on the floor, as Cornwell testified, also suggests that water was present for a period of time long enough for other individuals to make the tracks. *See Luft v. Winn Dixie Montgomery, LLC*, -- So. 3d --, 2017 WL 510995 at *7 (La. App. 5 Cir. 2017) ("Other types of evidence held sufficient to show that a condition has existed for some period of time include footprints, shopping cart tracks, or dirt in a spilled substance."). Together, these circumstances suffice to create an issue of material fact as to whether the puddle on which plaintiff slipped and fell existed for some period of time before the accident.

---

31 *Id.* at 72-73, 85.

That the puddle on which plaintiff allegedly slipped is not visible in the video footage does not mean that no reasonable jury could return a verdict for plaintiff, as defendant argues.[32] As an initial matter, both plaintiff and Cornwell testified that the puddle was clear.[33] Moreover, a dark area on the floor, which defendant concedes is a puddle, appears in the video footage after plaintiff's fall.[34] While defendant contends that plaintiff's flip flop left this water on the floor, it is also plausible that plaintiff's foot pushed water forward from its original location to where it is visible on the surveillance footage.[35] Indeed, the puddle that becomes visible after plaintiff's fall is located not where plaintiff actually slipped (closer to the floor mat), but where her right foot rested when plaintiff fell (farther from the floor mat). The existence of a puddle closer to the floor mat at the time of plaintiff's fall accords with Dabon's testimony that the floor mat was likely saturated at that point.[36] Defendant also fails to explain why plaintiff, but no other individual entering the store, tracked in so much water that she created a puddle. The Court finds that the video footage does not conclusively establish that no puddle existed near the store entrance before plaintiff's accident.

---

[32] R. Doc. 14-1 at 11 (citing *Anderson*, 477 U.S. at 248).
[33] R. Doc. 14-2 at 21; R. Doc. 14-3 at 4.
[34] *Compare* Video at 9:40, *with* Video at 10:10.
[35] R. Doc. 14-1 at 4.
[36] R. Doc. 25-4 at 77, 84.

Because plaintiff has put forth evidence creating an issue of material fact as to both actual and constructive notice, defendant is not entitled summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion for summary judgment.

New Orleans, Louisiana, this __24th__ day of October, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE