UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

REBECCA LEGGETT                                    CIVIL ACTION

VERSUS                                             NO. 16-17264

DOLGENCORP, LLC d/b/a DOLLAR                       SECTION "R" (3)
GENERAL

## ORDER AND REASONS

Before the Court is defendant's motion to strike the expert testimony
of Dr. Everett Robert.[1]   For the following reasons, the Court grants
defendant's motion.

## I.    BACKGROUND

On December 16, 2015, plaintiff Rebecca Leggett slipped and fell at a
Dollar General store in Luling, Louisiana.[2]   Plaintiff sued defendant DG
Louisiana, LLC for damages in Louisiana state court on November 9, 2016.[3]
Plaintiff alleged that the slippery floor at the Dollar General store constituted
an unreasonably dangerous condition, and that defendant was negligent in

---

[1]   R. Doc. 15.
[2]   R. Doc. 1-1.
[3]   *Id.*   Plaintiff also sued Dolgencorp, LLC and Dollar General
Corporation, but has since stipulated to their dismissal.  R. Doc. 34.

failing to prevent the dangerous condition and failing to warn of the danger.[4] Defendant removed the case to this Court on December 13, 2016, on the basis of diversity of citizenship.[5]

According to the Court's scheduling order, plaintiff's deadline for providing written expert reports as required by Federal Rule of Civil Procedure 26(a)(2)(B) was July 28, 2017.[6]   Defendant's expert report deadline was one month later.[7]  Plaintiff now seeks to elicit expert testimony from Dr. Everett Robert, plaintiff's treating neurosurgeon.[8]   Dr. Robert would testify that plaintiff's fall caused injury to her lumbar spine.[9] Defendant moves to exclude Dr. Robert's expert testimony as untimely.[10]

## II.    DISCUSSION

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of expert testimony.  Fed. R. Civ. P. 26.  Expert witnesses who are "retained or specially employed to provide expert testimony" must submit written reports.  Fed. R. Civ. P. 26(a)(2)(B).  Treating physicians like

---

[4]    R. Doc. 1-1 at 2.
[5]    R. Doc. 1 at 3.
[6]    R. Doc. 7 at 2.
[7]    *Id.*
[8]    *See* R. Doc. 19.
[9]    *See* R. Doc. 22-1.
[10]    R. Docs. 15, 22.

Dr. Robert, however, are exempt from this reporting requirement.  *See Sheppard v. Liberty Mut. Ins. Co.*, No. 16-2401, 2017 WL 467092, at *1 (E.D. La. Feb. 2, 2017); *see also* Fed. R. Civ. P. 26 advisory committee's notes to 1993 & 2010 amendments.  Instead, Rule 26(a)(2)(C) requires non-reporting expert witnesses to disclose: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).  Plaintiff disclosed this information to defendant on September 12, 2017, only after defendant filed its motion to strike Dr. Robert's expert opinion.[11]

Plaintiff's disclosure of Dr. Robert's expert opinion was untimely.  The federal rules provide that absent a stipulation or court order, all expert disclosures are due "at least 90 days before the date set for trial."[12]  Fed. R. Civ. P. 26(a)(2)(D)(i).  The Court's scheduling order sets out deadlines for expert reports under Rule 26(a)(2)(B), but these deadlines do not apply to Dr. Robert's expert opinion under Rule 26(a)(2)(C).[13]  Thus, plaintiff should

---

[11]    R. Doc. 19 at 3; R. Doc. 22 at 3;
[12]    There is a separate deadline for rebuttal opinions—within thirty days after the other party's disclosure—but plaintiff does not argue that Dr. Robert's opinion "is intended solely to contradict or rebut evidence on the same subject matter identified by another party['s]" expert.  Fed. R. Civ. P. 26(a)(2)(D)(ii).  Moreover, plaintiff bears the burden of proving spine injury.
[13]    R. Doc. 7 at 2.

have disclosed Dr. Robert's opinion by August 8, 2017, ninety days before the scheduled trial date of November 6.

The Court now turns to whether Dr. Robert's expert opinion should be excluded at trial. "When a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), 'the party is not allowed to use that information . . . to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless.'" *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 372 (5th Cir. 2016) (quoting Fed. R. Civ. P. 37(c)(1)). In *Geiserman v. MacDonald*, 893 F.2d 787 (5th Cir. 1990), the Fifth Circuit described four factors to determine whether "to exclude evidence that was not properly designated": (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification of the scheduling order; (3) the potential prejudice that could result from allowing the modification; and (4) the availability of a continuance to cure that prejudice. *Id.* at 791.

With regard to the first factor, plaintiff has not provided a convincing explanation for her failure to comply with the scheduling order. Plaintiff contends that Dr. Robert did not examine her until August 11, 2017—after plaintiff's deadlines for expert disclosures passed.[14] But plaintiff has failed

---

to explain why she did not seek treatment from Dr. Robert earlier. Plaintiff's accident occurred in December 2015, so she had more than a year and a half to seek treatment from a neurosurgeon and to elicit an opinion about injury to her lumbar spine. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 573 (5th Cir. 1996) (finding that untimely expert disclosures were not justified because party "had over nine months to solicit experts and prepare reports" on contested issues). Thus, the first *Geiserman* factor weighs against admitting Dr. Robert's expert testimony.

As to the second factor, plaintiff has failed to show that Dr. Robert's testimony is essential. Dr. Robert's expert testimony would be limited to whether plaintiff's fall injured her lumbar spine. With regard to plaintiff's alleged damages for physical disfigurement,[15] this testimony is clearly important. But the testimony is not necessary to prove either defendant's liability or other damages, such as pain and suffering. *Cf. Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (finding that expert testimony was "essential" because without experts, the plaintiff could not prove any damages); *Complete Prop. Res., LLC v. City of New Orleans*, No. 04-3267, 2006 WL 197006, at *2 (E.D. La. Jan. 25, 2006) (denying leave to file untimely expert report because "[w]hile plaintiff's damages may be of

---

[15]     R. Doc. 1-1 at 3.

importance to its case, plaintiff has not established that an expert is necessary"). Thus, this factor weighs against plaintiff.

As to the third *Geiserman* factor, allowing Dr. Robert to offer expert testimony would prejudice defendant in light of the fast approaching trial date. Plaintiff disclosed Dr. Robert's opinion on September 12, two weeks before the discovery deadline and less than two months before trial. Defendant had little opportunity either to solicit a neurosurgeon expert to rebut Dr. Robert's opinion, or to depose Dr. Robert as to his expert opinion. *See Consol. Envtl. Mgmt., Inc.-Nucor Steel La. v. Zen-Noh Grain Corp.*, 981 F. Supp. 2d 523, 536 (E.D. La. 2013) (noting that "[t]his Court has found prejudice when a party submitted its expert report as few as three days late, leaving the opposing party with less than a month before the close of discovery to depose the expert, hire its own expert, and obtain a written report from him"). Allowing Dr. Robert to offer an expert opinion at this point would mean that defendant could not depose him before trial. The third factor therefore weighs against plaintiff.

Finally, turning to the fourth *Geiserman* factor, the Fifth Circuit has "emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel*, 480 F.3d at 708 (quoting *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1001 (5th

Cir. 1998)).  Here, continuing the discovery deadline and trial date would give defendant a fair opportunity to depose Dr. Robert and provide a rebuttal opinion.  But the Fifth Circuit has also warned that "a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."  *Geiserman*, 893 F.2d at 792 (citing *Bradley v. United States*, 866 F.2d 120, 126 (5th Cir. 1989)).

On balance, even though a continuance would cure prejudice to the defendant, the first three *Geiserman* factors weigh against allowing Dr. Robert to provide expert testimony at trial.  Plaintiff has failed to show that its untimely designation of expert testimony was substantially justified or harmless.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion.  Dr. Robert may offer only lay testimony at trial.

New Orleans, Louisiana, this   24th   day of October, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE